UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICKEY JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:06CV00402 ERW |
| ) | |
| ALAN BLAKE, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge David D. Noce [doc. #22] pursuant to 28 U.S.C. § 636(b). Petitioner filed Objections to the Magistrate's Report and Recommendation [doc. #25]. When a party objects to a magistrate's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objects. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636 (b)(1)).

### I.  BACKGROUND

Rickey Jones ("Petitioner") is confined at the Missouri Sex Offender Treatment Center ("MSOTC") in Farmington, Missouri. In 1993, Petitioner pled guilty to three counts of sodomy and was sentenced to 10 years imprisonment. In October 2002, immediately before Petitioner was scheduled to be released, the State of Missouri initiated proceedings to have Petitioner involuntarily committed to the Department of Mental Health as a sexually violent predator, pursuant to the Missouri Sexually Violent Predator Act ("SVPA"). *See* Mo. Rev. Stat § 632.480, *et seq.* Petitioner opposed the civil commitment, and after a trial and a jury verdict, he was committed to the Custody of the director of the Department of Mental Health and civilly

confined at the MSOTC. Petitioner appealed the confinement order, and his appeal was denied by the Missouri Court of Appeals. *See Jones v. State*, 157 S.W.3d 236 (Mo. Ct. App. 2004).

Petitioner filed his Petition for Writ of Habeas Corpus [doc. #2] ("Original Petition") with the Court on March 2, 2006, and on October 29, 2007 he filed an Amended Petition for Writ of Habeas Corpus [doc. #16] ("Amended Petition") with the Court. His Original Petition disputes the sufficiency of the evidence for the jury's verdict, and asserts that his confinement violates due process of law and equal protection standards. Additionally, he states that he is entitled to specific performance of his plea agreement, and asserts that his civil commitment is an unlawful collateral consequence of his plea bargain. It is unclear if Petitioner intended for his Amended Petition to replace or supplement his Original Petition, however, the Amended Petition asserts that the jury was improperly instructed.

## II. DISCUSSION

### A. *MAY COURTS REVIEW CIVIL COMMITMENT PROCEEDINGS?*

The Government asserts that Petitioner's claims are not cognizable because habeas jurisdiction does not extend to civil proceedings. This is incorrect. The Supreme Court has stated that "federal habeas corpus review may be available to challenge the legality of a state order of civil commitment." *Duncan v. Walker*, 533 U.S. 167, 176 (2001). Additionally, the Eighth Circuit has considered similar requests for habeas relief. *See, e.g., Johnson v. Mooney*, 213 F.App'x 503 (8th Cir. 2007); *Poole v. Goodno*, 355 F.3d 705 (8th Cir. 2003).

### B. *THE CLAIMS IN THE ORIGINAL PETITION ARE PROCEDURALLY BARRED*

In his Original Petition, Petitioner seeks relief on the grounds that there was insufficient evidence to sustain the jury's verdict, that his confinement violates due process of law and equal protection standards, and asserts that he is entitled to the specific performance of his plea agreement. Generally, a claim that could have been raised on direct appeal, but was not, is

procedurally barred. *See United States v. Frady*, 546 U.S. 152, 168 (1982).

The Court has reviewed the brief Petitioner submitted on his direct appeal and the memorandum supplementing the order issued by the Missouri Court of Appeals. The only issues raised by Petitioner on his direct appeal were related to the jury instructions, and it is clear that Petitioner did not raise the issues in his Original Petition in his direct appeal. The Court finds that these claims could have been raised on Petitioner's direct appeal. Accordingly, these claims are procedurally barred, and cannot be considered by the Court unless they fall within an exception to this general rule.

The Court may consider claims that are procedurally barred if Petitioner can show both a cause for his failure to raise the issue on direct appeal, and that the error actually prejudiced the Petitioner. *Id.* Alternately, Petitioner's claims may be considered if he is able to make the "substantial claim that constitutional error has caused the conviction of an innocent person." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner has not shown cause and actual prejudice to excuse his failure to raise these grounds on his direct appeal. *Frady*, 546 U.S. at 168. Additionally, Petitioner has not presented any new evidence to the Court that tends to establish that he is actually innocent of the crimes for which he was sentenced. *Schlup*, 513 U.S. at 327. As a result, these grounds for relief in Petitioner's Original Petition are procedurally barred and will be dismissed on that basis.

## C.   *THERE WAS NO DEFECT IN THE JURY INSTRUCTIONS*

The Amended Petition refers the Court to Petitioner's direct appeal, in which Petitioner challenged the jury instructions, asserting that the jurors were not instructed on the consequences of their verdict. The Missouri Court of Appeals considered this argument, and determined that the jury instruction was proper, and found "the claims of error to be without merit." *Jones v. State*, 157 S.W.3d 236, 237 (Mo. Ct. App. 2004). The Missouri Court of Appeals was even more

specific in the memorandum they issued with their order, stating that "the trial court followed the language of the statute" and rejected the argument that the instruction was "misleading or incomplete in as far as it refers to 'treatment' and does not address the individual's possible future release."

The Court has reviewed the jury instruction at issue in this case, and agrees with the Missouri Court of Appeals that the instruction was not misleading or erroneous. The instruction stated that, "[i]f you find the Respondent to be a sexually violent predator, the Respondent shall be committed to the custody of the director of the Department of Mental Health for care -- excuse me -- for control, care, and treatment." This mirrors the SVPA, which states that a "judge shall instruct the jury that if it finds that the person is a sexually violent predator, the person shall be committed to the custody of the director of the department of mental health for control, care and treatment." Mo. Rev. Stat. § 632.492. The jury was instructed in accordance with this statute, and the instructions certainly do not constitute "a fundamental defect" and did not "[result] in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Crump v. Caspari*, 116 F.3d 326, 327 (8th Cir. 1997) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). As a result, this claim fails on the merits.

## IV.    CERTIFICATE OF APPEALABILITY

A certificate of appealability may only be issued when "the applicant has made a substantial showing of the denial of a constitutional right." *See Slack v. McDaniel*, 529 U.S. 473, 473 (2000); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006). Petitioner has made no such showing. Furthermore, the Court does not believe that reasonable jurists might find the Court's decision debatable or wrong, for purposes of issuing a certificate of appealability under 28 U.S.C. § 2253(c)(1)(A). *Slack*, 529 U.S. at 483-84. Therefore, the Court shall not issue a certificate of appealability as to any claim raised in either the Original Petition or the Amended Petition.

4

## V. CONCLUSION

The Court has reviewed those portions of the Magistrate Judge's findings to which the Petitioner filed objections, and concludes that Plaintiff's objections are without merit. The state court did not violate the treaties, laws, or Constitution of the United States, and therefore habeas relief is not warranted in this case. The Court hereby sustains, adopts, and incorporates herein the Magistrate's Report and Recommendation, as supplemented by this Court's independent analysis.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Rickey Jones' Petition for Writ of Habeas Corpus [doc. #2] is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner Rickey Jones' Amended Petition for Writ of Habeas Corpus [doc. #16] is **DENIED.**

Dated this 27th Day of January, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE